UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ENCARNACION C. MORONTA, on behalf of herself,
individually, and on behalf of all others similarly-situated,

                                                      **COMPLAINT**

                 Plaintiff,

                                               **Docket No.:** 22-cv-1022

     -against-

                                               **Jury Trial Demanded**

KANKESHWAR, LLC d/b/a YANKEE CLIPPER
MOTOR INN, and BARRY PATEL, individually,

                Defendants.
------------------------------------------------------------------------X

       ENCARNACION C. MORONTA ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as this term is defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against KANKESHWAR, LLC d/b/a YANKEE CLIPPER MOTOR INN ("Yankee Clipper"), and BARRY PATEL, individually, (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

      1.     This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.4; (iii) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); (iv) the NYLL's

1

requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff has worked for Defendants - - a New York limited liability company that operates a Nassau County-based motel and its owner and day-to-day overseer - - as a housekeeper from in or around December 2009 through the present. As described below, as is relevant herein, for the six-year period pre-dating the commencement of this action, plus any applicable tolling period pursuant to Governor Andrew M. Cuomo's Executive Orders, through the end of October 2021 ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to her under the FLSA and the NYLL. Specifically, throughout the Relevant Period, Defendants routinely required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each workweek, yet Defendants paid Plaintiff on an hourly basis, at her regular rate of pay, for all hours that she worked in a week, and thus not at the statutorily-required rate of one and one-half times her regular rate for any hours that Plaintiff worked in a week over forty.

3. Defendants further violated the NYLL by failing to provide Plaintiff with any wage notice upon her hire, let alone an accurate one, or, throughout the Relevant Period, with any wage statement on each payday, let alone an accurate statement.

4. Defendants have paid and treated all of their non-managerial hourly employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period

who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings her claims under the NYLL and the NYCRR on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times, Plaintiff has worked for Defendants in New York and was and is an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times, Defendant Yankee Clipper was and is a New York limited liability company with its principal place of business located at 295 South Main Street, Freeport, New York 11520.

10. At all relevant times, Defendant Patel was and is the owner and day-to-day overseer of Defendant Yankee Clipper, who in that role was and is ultimately responsible for all matters with respect to the hiring and firing of employees, as well as determining employees' hours, rates, and methods of pay, and for maintaining employment records, including those matters with respect to Plaintiff.

11. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendant

Yankee Clipper's qualifying annual business exceeded and exceeds $500,000, and Yankee Clipper was and is engaged in interstate commerce within the meaning of the FLSA, as it has employed and employs two or more employees, operates a business that serves customers from outside of New York, purchases and sells toiletries using an interstate trucking company, and accepts payment in cash that naturally moves across state lines, as well as credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial hourly employees, who during the applicable FLSA limitations period, performed any work for Defendants, and who give consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times herein, Defendants are and have been aware of the requirement to pay their non-exempt employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and

4

one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, throughout Plaintiff's employment, several employees complained about Defendants' failure to pay them overtime wages in accordance with the law, and rather than fix their unlawful practices, Defendants fired these employees instead.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek in excess of forty, in violation of the FLSA.

**BACKGROUND FACTS**

16. Defendant is a New York limited liability company that operates a Nassau-county based motel located at 295 South Main Street, Freeport, New York.

17. Defendant Patel owns and manages Yankee Clipper on a daily basis, and in that role is responsible for all matters with respect to hiring, firing, and disciplining employees, distributing work duties, as well as determining all employees' rates and methods of pay and hours worked. Indeed, Patel personally hired Plaintiff, has determined the schedule and hours that Plaintiff works, and has set and paid Plaintiff her wages on behalf of Defendants. Patel is also responsible for maintaining Plaintiff's employment records.

18. Plaintiff has worked for Defendants as a housekeeper from in or around December 2009 through the present. As her title suggests, Plaintiff is responsible for cleaning the motel's rooms, doing laundry, and assisting in the rearranging, removing, and replacing of any damaged, broken, and/or outdated furniture.

19. Throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did generally work, six days a week, Wednesday through Monday, from 8:00 a.m. until

4:00 p.m. to 5:00 p.m, without a scheduled or uninterrupted break during her shifts, for a total of at least forty-eight hours per week, and sometimes more.

20. For this work, Defendants paid Plaintiff on an hourly basis at the following rates: from the start of the Relevant Period through December 30, 2015, $8.75; from December 31, 2015 until December 30, 2016, $9.00; from December 31, 2016 until December 30, 2017, $10.00; from December 31, 2017 until December 30, 2018, $11.00; from December 31, 2018 until December 30, 2019, $12.00; from December 31, 2019 until December 30, 2020, $13.00; from December 31, 2020 through December 30, 2021, $14.00; and from December 31, 2021 through present day, $15.00. Defendants paid Plaintiff at her regular rate of pay for all hours that she worked in a week, and thus did not pay Plaintiff at the rate of one and one-half times her regular rate for any hours that Plaintiff worked in a week over forty.

21. By way of example only, for the week of November 24 through November 30, 2019, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without any scheduled or uninterrupted breaks during any shift:

    Sunday, November 24, 2019: 8:00 a.m. until 4:00 p.m.;

    Monday, November 25, 2019: 8:00 a.m. until 4:00 p.m.;

    Tuesday, November 26, 2019: off;

    Wednesday, November 27, 2019: 8:00 a.m. until 4:00 p.m.;

    Thursday, November 28, 2019: 8:00 a.m. until 4:00 p.m.;

    Friday, November 29, 2019: 8:00 a.m. until 4:00 p.m.; and

    Saturday, November 30, 2019: 8:00 a.m. until 4:00 p.m.

Accordingly, Plaintiff worked a total of forty-eight hours during this week. In exchange for her work, Defendants paid Plaintiff at her regular hourly rate of $12.00 for all hours of work.

Defendants did not pay Plaintiff at the rate of one and one-half times her regular rate of pay for any of the eight hours that she worked in excess of forty that week.

22. Defendants failed to provide Plaintiff with any wage notice at the time of her hire, let alone one that accurately contained, *inter alia*, Plaintiff's regular and overtime rates of pay as designated by the employer.

23. Throughout her employment, Defendants have paid Plaintiff by a combination of check and cash on a weekly basis.

24. On each occasion when Defendants paid Plaintiff during the Relevant Period, Defendants failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, her total hours worked each week and her overtime rates of pay for every hour that she worked in a week over forty.

25. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

26. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

27. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

28. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

30. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

31. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

32. Defendants willfully violated the FLSA.

33. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

34. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCRR*

35. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. NYLL § 160 and 12 NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

37. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

38. As also described above, Plaintiff and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

39. Plaintiff and any FLSA Plaintiff who opts into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

40. Plaintiff and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Notices in Violation of the NYLL*

41. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

43. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

44. As also described above, Defendants, at the time of hire, failed to provide Plaintiff and any FLSA Plaintiff who opts into this action, with any wage notice, let alone one that accurately contains all of the criteria that the NYLL requires.

45. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00 per person.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

46. Plaintiff and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday containing accurate, specifically enumerated criteria.

48. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL.

49. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action, with any wage statement, let alone one that accurately contains all of the criteria that the NYLL requires.

50. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

### DEMAND FOR A JURY TRIAL

51. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

  b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and her counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
   February 25, 2022

                Respectfully submitted,

                BORRELLI & ASSOCIATES, P.L.L.C.
                *Attorneys for Plaintiff*
                910 Franklin Avenue, Suite 200
                Garden City, New York 11530
                Tel. (516) 248-5550
                Fax. (516) 248-6027

       By: _____
                DANIELLE PETRETTA (5566328)
                ALEXANDER T. COLEMAN (AC 8151)
                MICHAEL J. BORRELLI (MB 8533)