# FRANKLIN, GRINGER & COHEN, P.C.

| Glenn J. Franklin | ATTORNEYS AT LAW | Ken Sutak |
|---|---|---|
| Martin Gringer | | of counsel |
| Steven Elliot Cohen | 666 OLD COUNTRY ROAD, SUITE 202 | |
| Michael S. Mosscrop | GARDEN CITY, NEW YORK 11530-2013 | |
| Jasmine Y. Patel* | TELEPHONE (516) 228-3131. FAX (516) 228-3136 | |
| Danielle Mietus | | |

*ADMITTED TO NY AND NJ

May 31, 2023

**VIA ECF**
The Honorable Joan M. Azrack
United States District Judge for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: *Encarnacion C. Moronta v. Kankeshwar LLC. et. al.*
Docket No.: 22-cv-01022 (JMA)(SIL)

Your Honor:

This office represents the Defendants in the above referenced matter. Defendants write jointly with Plaintiff to respectfully request that, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court approve the parties' negotiated settlement agreement ("Agreement"), attached hereto as Exhibit A, and dismiss the case with prejudice.

### 1. Background

Plaintiff filed a Complaint against Defendants alleging claims for unpaid overtime compensation, the failure to provide wage notices, and the failure to provide accurate wage statements along with liquidated damages, interest, attorneys' fees, and costs pursuant to, *inter alia*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations, on behalf of herself and others similarly situated. Plaintiff alleged that she was entitled to back wages of approximately $20,183.23 and that if she had recovered in full for her claims, exclusive of attorney's fees, she would be entitled to approximately $51,685.29. A copy of Plaintiff's damages chart, breaking down each amount which was sought from Defendants, is attached as Exhibit B.

Plaintiff alleged that she was and is employed by the Defendants as a housekeeper at Defendants' motel d/b/a Yankee Clipper Motor Inn. Plaintiff alleged Defendants violated the FLSA and NYLL by failing to pay overtime and failure to provide a Wage Theft Prevention Act Form and wage statements. No other employees opted into the lawsuit after receiving two separate notifications of same. Defendants deny the allegations in the Complaint, and provided records and

1

schedules supporting their denial of any wrongdoing. As such, it is Defendants position that Plaintiff is not entitled to the above-claimed sums.

2.     **Relevant Standard**

To determine whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id.; *see also Beckert v. Rubinov,* No. 15–cv–1951, 2015 WL 6503832, at *1 (S.D.N.Y., Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema* 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

3.     **The Proposed Settlement is Fair and Reasonable**

The Parties have agreed to settle this action for the total sum of $33,000.00. Pursuant to the Agreement, the total Settlement Amount shall be paid within thirty (30) days after the Court's approval of the Agreement. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. It became clear to Plaintiff that there were contested factual and legal disputes. Specifically, Defendants disputed the hours worked by Plaintiff. Defendants provided records showing wages Plaintiff received and schedules with her hours. Accordingly, Defendants alleged that, even if Plaintiff succeeded on liability, her damages were not near what Plaintiff claimed them to be. While Plaintiff disputed the completeness of these records, to support her position, Plaintiff relied mostly on her recollection, as she no documentary evidence to support her claims of hours worked and no other employees opted into the lawsuit. Given the fact-intensive nature of the disputes, it is likely that substantive answers to these disputed issues would not be resolved until after significant discovery and motion practice, if not trial. Plaintiff understands that that should he continue to litigate her claims, there is no guarantee she would recover what she believes she is owed. Based on these disputes the Parties engaged in good-faith, arm's length settlement negotiations, regarding not only Plaintiff's FLSA claims, but also her state law claims. The parties reached this settlement during mediation with individual plaintiff

and counsel in an adversarial process. Considering the prospect of protracted litigation and an uncertain result, Plaintiff feels that the Agreement represents a fair compromise.

Considering the risks in this case outlined above, Plaintiff believes that this settlement is an excellent result, and should be approved as fair and reasonable. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 4. Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement, Plaintiff's counsel will receive $12,426.33 from the Settlement Amount as attorneys' fees and costs. This represents forty percent of the recovery in this litigation with costs. The remaining $20,573.67 will be distributed to the Plaintiff.

Plaintiff's counsel's lodestar in this case is $ 25,315.00 and Plaintiff's costs are $1,426.33 . A copy of Plaintiff's billing record is attached as Exhibit C. The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.

The reasonableness of Plaintiffs' counsel's requested fee is solidified by "[a]pplying the lodestar method as a cross check." *See Fresno County Employees' Retirement Assoc.*, 925 F.3d at 72 (citing *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)) ("district courts should use the lodestar as a 'baseline' against which to cross-check a percentage fee"). In order to calculate the lodestar check, counsel multiplied the attorney and paralegal hours spent on the case by each individual's reasonable hourly rate. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007). As of May 31, 2023, Plaintiff's counsel has billed 119.9 hours in total on this matter - - an adversarial case as detailed herein - - amounting to $25,315.00 in fees, an amount in excess of counsel's attorneys' fees requested herein. This figure is based on hourly rates of: $500.00 per hour for Michael J. Borrelli, Esq., Plaintiffs' counsel's firm's managing partner; $350.00 per hour for Alexander T. Coleman, Esq., the firm's partner who supervised all associate work in this case; $275.00 per hour for Clela A. Errington, a senior associate with over five years of experience in employment litigation; $250.00 per hour for other associates working on the matter; and $100.00 for law clerks and paralegals. Courts routinely approve these rates in similar cases. *See, e.g., Feuer et al. v. Cornerstone Hotels Corp. and Naeem Butt,* 2:14-cv-05388-JFB-SIL, Dkt. No. 121, Order (E.D.N.Y. Oct. 20, 2021); *Caltenco v. G.H. Food Inc., d/b/a Natural Garden, and Gurdip Singh*, 1:16-cv-01705-VMS, Dkt. No. 112, Memorandum and Order (E.D.N.Y Sept. 30, 2021). Biographical information for each of the attorneys who performed work on this case is attached hereto as Exhibit D.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                          Respectfully submitted,

                                          **Franklin, Gringer & Cohen, P.C.**

                                          *JPatel*
                                          Jasmine Patel, Esq.

Enclosures

cc: All Counsel (via ECF)